UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN – 7 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Raphael Mendez, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Donald Trump *et al.*, | ) |
| | ) |
| Respondents. | ) |

Civil Action No. 18-1164 (UNA)

<u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of the application to proceed *in forma pauperis* ("IFP") and the *pro se* Petition for Mandamus under 28 U.S.C. §§ 1651 and 1361. The IFP application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915(e) (2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Petitioner is a "committed detainee" under 18 U.S.C. § 4246 ("Hospitalization of a person due for release but suffering from mental disease or defect"). Pet. at 1. He is hospitalized at the Federal Medical Center in Rochester, Minnesota. The petition is difficult to follow but amounts to a challenge to the applicant's confinement. Petitioner claims that he is falsely imprisoned because the "procedural commitment was made against [his] will and without authority of any required law or either Legislation . . . ." Pet. at 1; *see id.* at 6.

Petitioner seeks relief under 28 U.S.C. § 1651, which authorizes a federal court to issue "all writs necessary or appropriate in aid of [its] respective jurisdiction[ ]," and 28 U.S.C. § 1361, which authorizes a federal court to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Mandamus "is an extraordinary

remedy, however, and will usually be denied when the petitioner could have invoked an adequate, ordinary remedy." *In re GTE Serv. Corp.*, 762 F.2d 1024, 1026 (D.C. Cir. 1985); *see accord In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (mandamus actions are reserved for "extraordinary situations" and relief "is hardly ever granted") (internal quotation marks omitted)). Mandamus relief is warranted where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations and internal quotation marks omitted).

Because the instant petition is grounded upon "the very fact" of petitioner's confinement and its success would require his release, it is the exclusive province of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Indeed, the statute governing petitioner's custody leaves "habeas corpus unimpaired," stating: "Nothing contained in section . . . 4246 precludes a person who is committed under [that section] from establishing by writ of habeas corpus the illegality of his detention," 18 U.S.C. § 4247(g), and thereby foreclosing mandamus as a remedy. Petitioner's confinement in Minnesota deprives this Court of habeas jurisdiction.[1] Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: June 7 , 2018

United States District Judge

---

[1] A habeas petition is properly lodged against the immediate custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998), in the federal district court capable of exercising jurisdiction over "the respondent custodian," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of . . . habeas relief").